[Cite as *Underwood v. Ohio Dept. of Job & Family Servs.*, 2019-Ohio-4924.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| LOLA UNDERWOOD c/o ELLEN E. SAVAGE AS EXECUTRIX OF THE ESTATE OF LOLA UNDERWOOD, | : | **O P I N I O N** |
| | : | |
| Appellant, | : | **CASE NO. 2019-G-0215** |
| - vs - | : | |
| OHIO DEPARTMENT OF JOB & FAMILY SERVICES, | : | |
| | : | |
| Appellee. | : | |
| | : | |

Administrative Appeal from the Geauga County Court of Common Pleas, Case No. 2018 A 000293.

Judgment: Affirmed.

*Amy C. Baughman,* 1426 North Third Street, Suite 200, P.O. Box 5400, Harrisburg, PA 17110 (For Appellant).

*Dave Yost,* Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215; and *Theresa R. Dirisamer,* Assistant Attorney General, Health and Human Services Section, 30 East Broad Street, 26th Floor, Columbus, OH 43215 (For Appellee).

MARY JANE TRAPP, J.

{¶1} Appellant, Lola Underwood, through Ellen E. Savage, Executrix of the

Estate of Lola Underwood, appeals from a Nunc Pro Tunc judgment of the Geauga

County Court of Common Pleas denying her appeal of an Administrative Appeal Decision, which affirmed the denial of her application for long term care Medicaid.

{¶2} At issue on appeal is whether 20 C.F.R. 416.1201 is applicable in determining Ohio Medicaid resource eligibility. Because we find the trial court did not abuse its discretion in finding 20 C.F.R. 416.1201 inapplicable to the underlying case, we affirm the decision of the Geauga County Court of Common Pleas.

{¶3} The facts are undisputed. In June 2017, Ms. Underwood was admitted to Communicare d/b/a Chardon Healthcare Center ("Chardon") to receive 24-hour skilled nursing care. In September 2017, Chardon, as Ms. Underwood's authorized representative, filed an application for Medicaid benefits on her behalf to appellee, the Ohio Department of Job and Family Services ("ODJFS"). ODJFS denied the application finding she had too many resources to be eligible, namely, a piece of real property in West Virginia, to which she had initially indicated her intent to return. The property was in a state of disrepair; a real estate broker appraised the property and estimated that it would only bring about $5,000 to $10,000 at auction, which is over Ohio's Medicaid resource limit of $2,000. Prior to her admittance to Chardon, Ms. Underwood's neighbor offered to purchase the property for $10,000, but neither Ms. Underwood nor her daughters responded to the offer.

{¶4} Chardon provided ODJFS with a letter from Ms. Underwood stating that she no longer intended to return to that property, and that her daughters were preparing to list it for sale. ODJFS again denied the application because the property did not meet the exclusion requirements of Ohio Adm.Code 5160:1-3-05.13(C)(4), a fact not in dispute.

2

{¶5} Ms. Underwood, through counsel, appealed and requested a State Hearing, which was held in February 2018. The State Hearing Decision affirmed the denial of the application. She subsequently filed an administrative appeal. The Administrative Appeal Decision ultimately affirmed the State Hearing Decision, noting the availability of the property as a resource in light of the offer to purchase the property.

{¶6} In April 2018, she filed an appeal in the Geauga County Court of Common Pleas pursuant to R.C. 5101.35(E) and R.C. 119.12. She argued that 20 C.F.R. 416.1201 precluded consideration of her home as a countable resource because the property could not be converted to cash within 20 days.

{¶7} While this matter was pending, Ms. Underwood passed away. Her daughter, Ellen Savage, was appointed Executrix and was substituted as the proper party, with permission of the lower court.

{¶8} According to R.C. 5160.31, R.C. 5101.35(E), and R.C. 119.12, the trial court reviews an administrative appeal of a denied Medicaid eligibility application to determine whether the "order is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12(M). Here, the lower court denied the appeal, finding 20 C.F.R. 416.1201 was inapplicable and the property was worth more than $2,000. On appeal, appellant assigns three errors for our review.

{¶9} A court of appeals' review is limited to a determination of whether the court of common pleas abused its discretion in finding that the decision of the administrative agency was supported by reliable, probative, and substantial evidence. *Lewis v. Ohio Dept. of Human Serv.*, 137 Ohio App.3d 458, 464 (11th Dist.2000). An abuse of discretion connotes judgment exercised by a court, which does not comport

3

with reason or the record. *Ivancic v. Enos*, 11th Dist. No. 2011-L-050, 2012-Ohio-3639 ¶70. When reviewing an issue of law, however, the fact that an appellate court would decide the matter differently is enough to find error. *State ex rel. Ames v. Portage Cty. Republican Cent.-Executive Committee*, 11th Dist. Portage No. 2018-P-0001, 2019-Ohio-74, ¶25, citing *Ivancic*, supra.

{¶10} As Ms. Underwood's arguments under each assignment of error are premised on the applicability of 20 CFR § 416.1201 to the underlying case, we address her errors together:

{¶11} [1.] The Geauga County Court of Common Pleas erred in failing to overturn the Appellee's Administrative Appeal Decision upholding Ms. Underwood's denial. In doing so, the lower court failed to enforce Federal Medicaid Regulations to be followed by ODJFS as required by Federal Law.

{¶12} [2.] The Geauga County Court of Common Pleas erred in finding that Appellant's reliance on 20 C.F.R. § 416.1201 is misplaced and that the decision of the ODJFS was therefore supported by reliable, probative, and substantial evidence and in accordance with law.

{¶13} [3.] The Geauga County Court of Common Pleas erred in agreeing with ODJFS' decision that the property owned by Ms. Underwood was a countable, available resource for purposes of determining her Medicaid eligibility. Federal and State Regulations clearly show the property was a non-countable, unavailable resource to Ms. Underwood and should not have been considered in determining her Medicaid eligibility.

{¶14} The Medicaid program was established in 1965 under Title XIX of the Social Security Act, 42 U.S.C. 1396 et seq., to provide "federal financial assistance to States that choose to reimburse certain costs of medical treatment for needy persons." *Harris v. McRae*, 448 U.S. 297, 301 (1980).

{¶15} Each [State participating in the Medicaid program] develops a plan containing "reasonable standards ... for determining eligibility for and the extent of medical assistance." 42 U.S.C. §

4

1396a(a)(17). An individual is entitled to Medicaid if he fulfills the criteria established by the State in which he lives. State Medicaid plans must comply with requirements imposed both by the Act itself and by the Secretary of Health and Human Services (Secretary). *See id.*, § 1396a (1976 ed. and Supp.III). *Schweiker v. Gray Panthers*, 453 U.S. 34, 36-37 (1981).

{¶16} Federal rules and regulations relating to Title XIX are contained in chapter IV, Title 42, and subtitle A, Title 45 of the Code of Federal Regulations, and Title 42 of the United States Code starting in section 1396 et seq. A non-exhaustive summary of the most relevant rules and regulations may be helpful to our discussion:

| **The Social Security Act** | |
|---|---|
| Title XVI of the Social Security Act | Relates to Supplemental Security Income ("SSI") for the Aged, Blind, and Disabled |
| Title XIX of the Social Security Act | Established, inter alia, the Medicaid program |
| **The Code of Federal Regulations** | |
| 20 C.F.R. Part 416 et seq. | Relates to Title XVI of the Social Security Act |
| 20 C.F.R. 416.1201 | Defines resources for SSI eligibility |
| 20 C.F.R. 416.2101 et seq. | Describes the agreement between Social Security Administration ("SSA") and states that elect to enter into such an agreement to determine Medicaid eligibility of individuals who receive SSI |
| 42 C.F.R. Part 400 et seq. | Implements section 1106(a) of the Social Security Act as it applies to the Centers for Medicare & Medicaid Services (CMS) |
| **The United States Code** | |
| 42 U.S.C. 1396 et seq. | Contains the federal Medicaid program provisions |
| 42 U.S.C. 1396p | Defines resources for Medicaid eligibility for individuals who are eligibility to receive SSI in states with such an agreement |
| 42 U.S.C. 1382b | SSI statute specifically incorporated into the Medicaid statutory framework by 42 U.S.C. 1396p(h) |

{¶17} In Ohio, most of the pertinent rules can be found under Ohio Adm.Code 5160:1-1, et seq.; several administrative code rules are codified in the Ohio Revised Code. *See, e.g.,* R.C. 5162, 5163, 5164. In determining Medicaid eligibility, the

standards established under the rules adopted by the Department of Medicaid shall control over statutes and other rules. R.C. 5163.02.

{¶18} As part of its Medicaid eligibility determination, ODJFS looks at the resources available to the applicant and determines whether they count toward the resource limit. The Ohio Medicaid resource limit for an individual is $2,000. Ohio Adm.Code 5160:1-3-05.1(B)(8)(a). If the applicant's resources exceed the limit, the applicant is ineligible to receive benefits. The Ohio Adm.Code defines resources as "cash, funds held within a financial institution, investments, personal property, and real property an individual and/or the individuals spouse has an ownership interest in, has the legal ability to access in order to convert to cash, and is not legally prohibited from using for support and maintenance." Ohio Adm.Code 5160:1-1-01(B)(72).

{¶19} Ohio Adm.Code 5160:1-3-05.13 provides an exemption for an applicant's home under certain conditions. If the Medicaid applicant is not married, the home will lose its exemption if she leaves the home and no longer intends to return to it, unless it is occupied by a dependent relative. The crux of Ms. Underwood's argument is not that her home should have been exempted by the Ohio Adm.Code, but that her home was not an available resource pursuant to 20 CFR 416.1201.

{¶20} Section 416.1201(a) defines resources as "cash or other liquid assets or any real or personal property that an individual * * * owns and could convert to cash to be used for his or her support or maintenance." Part 416.1201(c) defines nonliquid resources, which are excluded from the section 416.1201(a) definition of resources, as, inter alia, "property * * * which cannot be converted to cash within 20 days" and provides examples including buildings and land. Ms. Underwood argues her home could not be

6

converted to cash within 20 days because she did not have a willing buyer, and thus could not be considered an available resource which counted toward the Medicaid resource limit.

{¶21} The trial court found appellant's reliance on 20 CFR 416.1201 misplaced. We agree. Part 416 relates to the provisions of Title XVI (Supplemental Security Income For The Aged, Blind, and Disabled) of the Social Security Act as amended, which "established a national program * * * for the purposes of providing supplemental security income to individuals who have attained age 65 or are blind or disabled." 20 CFR 416.101. As discussed above, Medicaid was created under Title XIX, not Title XVI. Certain provisions of 20 CFR 416, however, are utilized in some Medicaid eligibility determinations.

{¶22} States opting to participate in the Medicaid program can choose one of three options: SSI criteria, 209(b), and 1634[1]. Eligibility is determined differently under each option. *See, generally,* Social Security Administration Program Operations Manual System (https://secure.ssa.gov/apps10/poms.nsf/lnx/0501715010). The "1634 states", including Ohio as of August 1, 2016, allow the SSA to make Medicaid eligibility determinations for SSI recipients. 42 U.S.C. 1383c. In such states, if the SSA determines that an individual is eligible for SSI, that individual is automatically enrolled in Medicaid without further verification required.

{¶23} Some of those eligibility requirements are found in Subpart U of Part 416, the only subpart which expressly contains provisions regarding Medicaid. 20 CFR 416.101(u) ("Subpart U of this part contains provisions with respect to agreements with

---

[1] The titles "209(b)" and "1634" are derived from the sections of the Social Security Act authorizing these regulations.

7

States for Federal determination of Medicaid eligibility of applicants for supplemental security income."). Indeed, "[t]he comprehensive regulations on eligibility for the Medicaid program, administered by the Health Care Financing Administration, are in part 435 of title 42 of the Code of Federal Regulations." 20 CFR 416.2101(b). Thus, excepting Subpart U, unless 20 CFR 416, or a part thereof, is incorporated into the Medicaid rules or statutes, it is inapplicable to Medicaid matters.

{¶24} Ms. Underwood argues that "it is not logical that the federal regulations would define 'resources' differently for SSI eligibility and Medicaid eligibility when some states provide for Medicaid eligibility based on SSI eligibility." We disagree.

{¶25} A state is not required to establish a Medicaid program, but should it do so the program must conform to federal requirements. 42 U.S.C. 1396a; *Schweiker, supra*. The Social Security Act does not require that the SSA determine Medicaid eligibility for all SSI recipients and allows for stricter eligibility requirements, such as in "209(b) states," provided they allow individuals to "spenddown" to the income eligibility level. *See* 42 U.S.C. 1396a(f) and Social Security Administration Program Operations Manual System (https://secure.ssa.gov/apps10/poms.nsf/lnx/0501715010). Indeed, prior to August 1, 2016, Ohio was a 209(b) state and implemented stricter criteria than the SSI program.

{¶26} Moreover, in 1634 states, though the SSA determines Medicaid eligibility for those individuals who are eligible for SSI, it is the *state* that issues Medicaid denial notices and solely determines Medicaid ineligibility. 20 CFR 416.2116 and Social Security Administration Program Operations Manual System (https://secure.ssa.gov/apps10/poms.nsf/lnx/0501715010). In the case at bar, however,

8

the record is devoid of any reference to whether Ms. Underwood was eligible for the SSI program; instead, she applied for long-term care Medicaid benefits, which is subject to additional eligibility rules.  See Ohio Adm.Code 5160:1-6, et seq.

{¶27}  Nevertheless, Ms. Underwood argues that "regulations relating to Title XIX are contained in chapter IV, Title 42, and subtitle A, Title 45, Code of Federal Regulations" and that "[o]ne of those regulations is 42 USC 1382b, which pertains to the treatment of resources for purposes of Medicaid eligibility.  42 USC 1382b specifically cites 20 CFR 416 as an authority."  (Emphasis original.)

{¶28}  Ms. Underwood makes several errors in this analysis.  As noted above, 42 USC 1382b is contained in Subchapter XVI. Supplemental Security Income for Aged, Blind, and Disabled.  In the United States Code, the federal Medicaid program provisions are located under 42 USC 1396 et seq.  Inherently, 42 USC 1382b is not a Medicaid provision.  However, it is specifically incorporated by reference into 42 USC 1396p, a Medicaid provision.  In fact, 42 USC 1382b contains the definition of resources for Medicaid eligibility under the federal scheme.  However, 42 USC 1382b does not cite or reference to 20 CFR 416.  To the contrary, 20 CFR 416.1201 cites 42 USC 1382b as one of its authorities.  Thus, 20 CFR 416.1201 is not a Medicaid rule and is not incorporated into the Medicaid statutory framework.

{¶29}  Ohio courts have not often had opportunity to consider this issue.  However, the Eighth District recently rejected the application of 20 CFR 416.1201 to Ohio Medicaid eligibility in *Communicare v. Ohio Dept. of Job and Family Services*, 8th Dist. Cuyahoga No. 106874, 2019-Ohio-3757, ¶14.  We agree and find the trial court

here did not abuse its discretion in finding 20 CFR 416.1201 inapplicable to determining Ohio Medicaid eligibility.

{¶30} Accordingly, Appellant's assignments of error are not well taken.

{¶31} In light of the foregoing, the decision of the Geauga County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.

10