[Cite as *Communicare v. Ohio Dept. of Job & Family Servs.*, 2019-Ohio-3757.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

COMMUNICARE D.B.A.
NORTHWESTERN
HEALTHCARE CENTER                    :

     Plaintiff-Appellant,          :

     v.                            :

                           No. 106874

OHIO DEPARTMENT OF
JOB AND FAMILY SERVICES,              :

     Defendant-Appellee.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 19, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-886013

---

### *Appearances:*

Nicholas A. Kulik, *for appellant.*

Dave Yost, Ohio Attorney General, and Rebecca L. Thomas, Assistant Attorney General, *for appellee.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant Communicare d.b.a. Northwestern Healthcare Center ("Communicare"), as authorized representative of Mohsen Fanous, appeals the trial

court's judgment affirming the decision of the Ohio Department of Job and Family Services ("ODJFS") that denied Fanous' application for Medicaid benefits. As discussed below, because Fanous' known countable resources exceeded the Medicaid eligibility limit, we affirm.

**Factual and Procedural Background**

{¶ 2} As reflected in the trial court's decision, Fanous' Medicaid application was initially denied by the Cuyahoga County Department of Job and Family Services because Fanous failed to verify potential resources. Fanous sought review by ODJFS. The agency remanded the matter to the county for re-evaluation.

{¶ 3} The county subsequently determined that Fanous owned real estate with an equity value of approximately $16,000. It also made subsequent requests for Fanous to verify other potential resources. Fanous failed to respond to multiple verification requests related to four active businesses and ten vehicles.

{¶ 4} Because Fanous' known resources exceeded the Medicaid eligibility limit and he failed to verify other resources, the county denied his application.

{¶ 5} Fanous again appealed to ODJFS. The agency determined that his application was properly denied. Fanous appealed to the director of ODJFS and the resulting administrative appeal decision affirmed the denial of Fanous' application. As reflected in the agency decision, at the time Fanous applied for Medicaid:

> [Fanous] owned four pieces of real property and one was sold for $9,000. Of the other properties, one had an equity value of $10,004, the second had an equity of $3,667.51 and the third had an equity value of $2,178. * * * The value of the properties all exceeded the resource limit both individually and collectively * * *.

{¶ 6} Fanous sought review of the agency decision by the Cuyahoga County Court of Common Pleas. Following its review, the court found that the decision denying Fanous' application was "supported by reliable, probative, and substantial evidence." It cited a "two-fold" basis for denying the application: (1) Fanous' real property constituted resources in excess of the Medicaid limit and (2) Fanous failed to verify other potential countable resources. The court found that Fanous' real property was an independent and sufficient basis for denying the application. Regardless of whether Fanous was entitled to assistance in responding to the outstanding verifications, the application was properly denied because Fanous "still owns resources, in the form of real property, that exceed the Medicaid eligibility limit."

{¶ 7} The court found an alternative basis for affirming the agency decision, determining that Communicare lacked legal standing to pursue the appeal in the trial court.

**Assignments of Error**

{¶ 8} On appeal to this court, Communicare asserts three assignments of error:

> 1. The court of common pleas erred in dismissing Mr. Fanous' appeal for lack of jurisdiction and the dismissal is inconsistent with this court's holding that a designated authorized representative has standing to bring an appeal of a Medicaid denial on behalf of the applicant.
>
> 2. The court of common pleas erred in dismissing Mr. Fanous' appeal in concluding that he owns available resources that exceed the Medicaid eligibility limit.

3. The court of common pleas erred in dismissing Mr. Fanous' appeal in concluding that Mr. Fanous and his authorized representation failed to provide the required verification to ODJFS.

We address the assignments of error in an order that aids our analysis.

**Law and Analysis**

**Standard of Review**

{¶ 9} In the context of this appeal, this court reviews whether the court of common pleas abused its discretion in finding that the administrative agency's decision was supported by "reliable, probative, and substantial evidence." *Tiggs v. Ohio Dept. of Job & Family Servs.*, 2018-Ohio-3164, 118 N.E.3d 985, ¶ 13 (8th Dist.) citing *Kinasz-Reagan v. Ohio Dept. of Job & Family Servs.*, 164 Ohio App.3d 458, 2005-Ohio-5848, 842 N.E.2d 1067 (8th Dist.), ¶ 11, fn. 2. The Supreme Court has explained the extent of our review as follows:

> In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion.

*Id.*, quoting *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264 (1988); *see also Brown v. Ohio Dept. of Job & Family Servs.*, 8th Dist. Cuyahoga No. 92008, 2009-Ohio-1096, ¶ 11 ("[T]he record must show more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or uncounscionable.").

**Real Property as a Countable Resource**

{¶ 10}  In the second assignment of error Communicare argues that the trial court erred by considering Fanous' real property as a countable resource for purpose of determining his Medicaid eligibility.  Communicare does not dispute that the value of Fanous' real property exceeded the resource limit.  Instead, it argues that the properties should not have been considered as countable resources because Fanous was not able to sell them.

{¶ 11}  At the time Fanous applied for Medicaid benefits, per the relevant regulation, if an applicant's countable resources exceeded the $2,000 "resource limit," that person was not eligible for coverage.  *See* former Ohio Admin.Code 5160:1-3-05.1(B)(8)(a), effective Aug. 1, 2016 ("'Resource limit' means maximum combined value of all resources an individual can have an ownership interest in and still qualify for medical assistance.").  For this purpose, "resources" include:

> [C]ash, other liquid asset, personal property, and real property an individual * * * has an ownership interest in, has the legal ability to access in order to convert to cash (if not already cash), and is not legally prohibited from using for support and maintenance.

former Ohio Admin.Code 5160:1-3-05.1(B)(7), effective Aug. 1, 2016.

{¶ 12}  Communicare argues that the trial court erred by considering Fanous' real property for eligibility purposes because Fanous was not able to sell the properties.  Fanous argues that because he could not sell the properties, he lacked the "ability to convert [the properties] to cash." Thus, according to its argument, the properties fail to meet the definition of "resources."

{¶ 13} We disagree. As stated, the plain language of the rule required a person to have the "legal ability to access in order to convert to cash (if not already cash) * * *." Whether Fanous was able to find a purchaser is a wholly different consideration from what the regulation contemplated, namely whether Fanous had the legal authority to sell the properties in the first place.

{¶ 14} Additionally, Communicare argues that the trial court erred by considering the properties as resources because Fanous was "unable to convert two of his three real properties into cash within twenty (20) days." As a basis for this argument, he cites a definition of "liquid resources" from an unrelated federal regulation.

{¶ 15} We also reject this argument. Notwithstanding the federal regulation, nothing in former Ohio Admin.Code 5160:1-3-05.1 imposed a requirement that a resource must be able to be converted to cash within 20 days before it can be considered for eligibility purposes.

{¶ 16} The trial court did not abuse its discretion in affirming the administrative appeal decision. The record is clear: the value of Fanous' real property was in excess of the Medicaid resource limit. We overrule this assignment of error.

**Standing**

{¶ 17} In the first assignment of error, Communicare argues that the trial court erred by determining it did not have standing to bring the appeal on the basis

of *Tiggs v. Ohio Dept. of Job & Family Servs.*, 2018-Ohio-3164, 118 N.E.3d 985 (8th Dist.), which was decided during the pendency of this appeal.

{¶ 18} In *Tiggs*, this court recognized that a long-term care nursing facility, which had been designated as a resident's Medicaid authorized representative, had standing to file an appeal on behalf of the resident to challenge the termination of his Medicaid benefits. *See also Juanita Fowler Life Care Ctrs. of Am., Inc. v. Ohio Dept. of Job & Family Servs.*, 8th Dist. Cuyahoga No. 106989, 2019-Ohio-1238, ¶ 10-13 (recognizing *Tiggs* is controlling and permits Medicaid authorized representative to appeal to the trial court).

{¶ 19} Similar to *Tiggs*, Fanous executed a "designation of authorized representative" form authorizing Communicare to "[t]ake any action that may be needed to ensure that I receive or continue to receive [Medicaid benefits]."

{¶ 20} As to determining whether Communicare is a proper party to bring this appeal, we find *Tiggs* to be indistinguishable and controlling. ODJFS disagrees with this conclusion, but relies on arguments we have previously rejected, and has thus "not identified any basis upon which to distinguish *Tiggs* from this case." *Fowler* at ¶ 13.

{¶ 21} However, regardless of whether the trial erred in determining that Communicare did not have standing to appeal, Communicare suffered no prejudice. *See Cincinnati Ins. Co. v. Thompson & Ward Leasing Co.*, 158 Ohio App.3d 369, 2004-Ohio-3972, 815 N.E.2d 1126, ¶ 19 (10th Dist.), citing *Smith v. Flesher*, 12 Ohio St.2d. 107, 233 N.E.2d 137 (1967) ("Claimed error alone may not support reversal;

the party assigning error must demonstrate prejudice resulting therefrom."). As previously discussed, the trial court addressed the merits of the appeal and found sufficient basis to conclude that the agency's decision was appropriate because Fanous' real property caused him to exceed the resource limit and we found the court did not abuse its discretion in so concluding. Accordingly, the court's error in determining Communicare lacked standing is harmless.

{¶ 22} We overrule this assignment of error.

## Assistance in Obtaining Verifications

{¶ 23} In the third assignment of error, Communicare argues that the trial court abused its discretion in affirming the administrative appeal decision because "the agency failed to assist Mr. Fanous in obtaining verifications * * *."

{¶ 24} We disagree. Because Fanous' known countable resources caused him to exceed the eligibility limit, the status of the incomplete verifications is moot. In affirming the agency decision, the trial court found as much, stating that "[e]ven if this court found * * * Fanous was entitled to assistance from ODJFS in responding to the verification forms, Mr. Fanous still owns resources, in the form of real property, that exceed the Medicaid eligibility limit." We find no abuse of discretion.

{¶ 25} We overrule this assignment of error.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
**EILEEN A. GALLAGHER, JUDGE**

**SEAN C. GALLAGHER, P.J., and**
**LARRY A. JONES, SR., J., CONCUR**