[Cite as *Chamberlain v. Ohio Dept. of Job & Family Servs.*, 2022-Ohio-2309.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| JARED B. CHAMBERLAIN, Special Administrator of the Estate of Isaac Harrell, | : | APPEAL NO. C-210145 TRIAL NO. A-1900553 |
|  | : |  |
| Plaintiff-Appellant, |  |  |
|  | : | *O P I N I O N.* |
| vs. |  |  |
|  | : |  |
| OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, | : |  |
| Defendant-Appellee. | : |  |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 1, 2022

*sb2 inc.* and *Amy C. Baughman,* for Plaintiff-Appellant,

*Dave Yost,* Ohio Attorney General, and *Rebecca L. Thomas,* Assistant Attorney General, for Defendant-Appellee.

**Bock, Judge.**

{¶1} In this appeal, plaintiff-appellant Jared B. Chamberlain, special administrator of the estate of Isaac Harrell, challenges the trial court's decision to affirm the denial of Harrell's application for retroactive Medicaid benefits. Harrell was denied retroactive benefits because he possessed resources in the form of real property, the value of which exceeded the permissible limit. Chamberlain argues that real property was not a countable resource under state and federal law. We disagree and affirm the trial court's judgment.

## I.      Facts and Procedure

{¶2} In 2017, Harrell was a resident of Indianspring, a nursing facility in Cincinnati, Ohio. With his health in decline, Harrell appointed Indianspring as his Medicaid representative. In February 2017, Indianspring applied for Medicaid benefits retroactive to November 2016 on Harrell's behalf. The Hamilton County Department of Job and Family Services ("HCJFS") approved Medicaid benefits beginning in September 2017.

{¶3} But HCJFS denied Harrell retroactive benefits for the ten-month period between November 2016 and August 2017. HCJFS informed Harrell that his countable resources exceeded the $2,000 resource threshold under Ohio Adm.Code 5160:1-3-05-1(B)(10) during that ten-month period. Specifically, he owned real property in Laurel, Mississippi, worth around $100,000. Despite listing the property as "for sale" in September 2016, it did not sell until September 2017.

{¶4} Harrell unsuccessfully appealed the denial of retroactive benefits to the Ohio Department of Job and Family Services ("ODJFS"). Following a hearing, an ODJFS hearing officer affirmed the denial. ODJFS agreed with the hearing officer. Harrell appealed to the Hamilton County Court of Common Pleas. A magistrate

affirmed the denial of retroactive benefits because the Mississippi property was a countable resource that exceeded the resource threshold.

**{¶5}** Harrell objected to the magistrate's decision, but passed away while his objections were pending. Jared B. Chamberlain was appointed the special administrator for Harrell's estate and substituted as a party. The trial court overruled the objections and adopted the magistrate's decision.

**{¶6}** Chamberlain appeals, raising three assignments of error.

## II.  Law and Analysis

**{¶7}** An appellate court's review of a trial court's decision in an administrative appeal is narrow and deferential. *Cleveland Clinic Found. v. Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 23, citing *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). But an appeal raising pure questions of law is reviewed de novo. *Weaver v. Ohio Dept. of Job & Family Servs.*, 153 Ohio App.3d 331, 2003-Ohio-3827, 794 N.E.2d 92, ¶ 3 (1st Dist.), citing *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.*, 63 Ohio St.3d 339, 587 N.E.2d 835 (1992).

**{¶8}** Chamberlain's three assignments of error raise questions of statutory interpretation. When determining the meaning of the statute, our objective is to determine the intent of the legislature. *See State ex rel. Clay v. Cuyahoga Cty. Med. Examiner's Office,* 152 Ohio St.3d 163, 2017-Ohio-8714, 94 N.E.3d 498, ¶ 14, quoting *Cline v. Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 97, 573 N.E.2d 77 (1991), citing *Carter v. Youngstown Div. of Water*, 146 Ohio St. 203, 65 N.E.2d 63 (1946). But when a statute is ambiguous and a text is " 'capable of bearing more than one meaning,' " interpretive rules guide our analysis. *Clay* at ¶ 17, quoting *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 16, citing *Fairborn v. DeDomenico*, 114

3

Ohio App.3d 590, 593, 683 N.E.2d 820 (2d Dist.1996). And as a general rule, we consider the text as a whole rather than " 'pick[ing] out one sentence and disassociat[ing] it from the context.' " *Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203, ¶ 9, quoting *Black-Clawson Co. v. Evatt*, 139 Ohio St. 100, 104, 38 N.E.2d 403 (1941).

## A. Medicaid Eligibility

**{¶9}** In his first two assignments of error, Chamberlain maintains that a Medicaid applicant's resources must be "available" under state and federal law to be a "countable resource" for eligibility determinations. Chamberlain contends that Harrell's inability to sell the Mississippi property rendered it unavailable and uncountable.

**{¶10}** Medicaid, codified in 42 U.S.C. 1396a, represents a joint state and federal effort to provide medical assistance to individuals with limited financial resources. *Wisconsin Dept. of Health & Family Servs. v. Blumer*, 534 U.S. 473, 495, 122 S.Ct. 962, 151 L.Ed.2d 935 (2002). While state participation in Medicaid is entirely optional, " 'once a State elects to participate, it must comply with the requirements of Title XIX.' " *Rodefer v. Colbert*, 2015-Ohio-1982, 35 N.E.3d 852, ¶ 19 (2d Dist.), quoting *Harris v. McRae*, 448 U.S. 297, 301, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980).

**{¶11}** Under the federal statute, eligibility criteria for medical assistance must fall "within boundaries set by the Medicaid statute and the Secretary of Health and Human Services." *Blumer* at 479, citing *Schweiker v. Gray Panthers*, 453 U.S. 34, 36-37, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981), and 42 U.S.C. 1396a(a)(17). Indeed, participating states like Ohio must develop a plan with reasonable standards for eligibility and "provide for taking into account only such income and resources as are,

as determined in accordance with standards prescribed by the Secretary, available to the applicant." 42 U.S.C. 1396a(a)(17)(B).

{¶12} In Ohio, applicants are eligible for Medicaid benefits if, among other criteria, their "countable resources" do not exceed the resource threshold established by Ohio Adm.Code 5160:1-3-05.1. *See* Ohio Adm.Code 5160:1-3-02.4(B)(4). For eligibility determinations, the resource threshold is the "maximum combined value of all resources an individual can have ownership interest in and still qualify for medical assistance." Ohio Adm.Code 5160:1-3-05.1(A)(9). For applicants like Harrell, the resource threshold was $2,000. *See* Ohio Adm.Code 5160:1-5-05.1(A)(9)(a).

{¶13} In Ohio, resources consist of " 'cash, funds held within a financial institution, investments, personal property, and real property an individual * * * [1] has an ownership interest in, [2] has the legal ability to access in order to convert to cash, and [3] is not legally prohibited from using for support and maintenance.' " *Cowan v. Ohio Dept. of Job & Family Servs.*, 1st Dist. Hamilton No. C-200025, 2021-Ohio-1798, ¶ 13, quoting former Ohio Adm.Code 5160:1-1-01(B)(72).[1]

{¶14} Chamberlain's appeal focuses on the second part of that definition— whether he had the "legal ability to access [the property] in order to convert to cash." He maintains the Mississippi property was not an "available" resource affecting Harrell's eligibility because Harrell was unable to secure a buyer, and therefore did not have the power to liquidate the asset. In support, Chamberlain contends that 20 C.F.R. 416.1201(a)(1) limits countable resources to the resources available to the applicant, meaning the applicant must have the power to liquidate the asset.

---

[1] Effective April 1, 2022, "resources" are defined in Ohio Adm.Code 5160-1-01(B)(81).

5

**{¶15}** But Chamberlain's argument misconstrues the plain language of the administrative rule. When Indianspring submitted Harrell's Medicaid application, real property that a Medicaid applicant "ha[d] the legal ability to access" was a countable resource affecting eligibility. *See* former Ohio Adm.Code 5160:1-1-01(B)(72) and 5160:1-3-05.1[2] Chamberlain asks us to read "legal" out of "has the legal ability to access in order to convert to cash," something we cannot do. *See D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, ¶ 26 (" 'words in statutes should not be construed to be redundant, nor should any words be ignored.' "), quoting *E. Ohio Gas Co. v. Pub. Util. Comm.*, 39 Ohio St.3d 295, 299, 530 N.E.2d 875 (1988).

**{¶16}** ODJFS correctly points out that this court unequivocally rejected Chamberlain's arguments in *Cowan v. Dept. of Job & Family Servs.* Indeed, in *Cowan* we explained that "the plain meaning of 'legal ability to access' precludes an exemption for impracticability." *Cowan,* 1st Dist. Hamilton No. C-200025, 2021-Ohio-1798, at ¶ 16. In that case, we concluded that Mary Cowan's two small parcels of land were a "countable resource" because of her "legal authority to sell them, regardless of how difficult or easy the task at hand." *Id.* at ¶ 12. In other words, we refused "to read an impracticability exception into the Administrative Code." *Id.* at ¶ 17.

**{¶17}** We find *Cowan* controls the outcome of this appeal and reiterate that, under the plain language of former Ohio Adm.Code 5160:1-1-01(B)(72), a Medicaid applicant's property was a "countable resource" despite the applicant's inability to secure a buyer. *Id.* at ¶ 12 and 17. At oral argument, Chamberlain attempted to distinguish Harrell's residential property in Mississippi from the two parcels of land

---

[2] On April 1, 2022, the rule was amended to address "[p]roperty that has not been sold." *See* Ohio Adm.Code 5160:1-3-05.1(C)(6).

valued at $3,000 each in *Cowan*. *See id*. at ¶ 3. But this distinction is inconsequential because Chamberlain had the legal ability to sell the Mississippi property. While Chamberlain contends that Mississippi requires a written contract for the sale of the property and attorney oversight, we fail to see how these requirements presented a legal barrier to selling the Mississippi property.

{¶18} Chamberlain argues that federal law carves out a resource exception for Medicaid applicants unable to sell their property. First, Chamberlain maintains that, under 20 C.F.R. 416.1201(a), resources consist of property an individual "owns and could convert to cash to be used for his or her support or maintenance." And Chamberlain asserts that 20 C.F.R. 416.1201(a)(1) clarifies that "[i]f a property right cannot be liquidated, the property will not be considered a resource of the individual." According to Chamberlain, courts have left no doubt that these federal regulations apply to state Medicaid eligibility standards. Therefore, Chamberlain contends, the magistrate failed to address whether Harrell had the power to liquidate the Mississippi property.

{¶19} But once again, Chamberlain's argument is contrary to this court's controlling precedent. *See Gardner v. Ohio Dept. of Job & Family Servs*., 1st Dist. Hamilton No. C-210376, 2022-Ohio-2021, ¶ 18-21 ("SSI's definition of 'resources' in 20 C.F.R. 416.1201 is inapplicable in the Medicaid context and does not inform our interpretation of 'resources' under the Ohio Administrative Code."). In *Cowan*, we recognized that "20 C.F.R. 416.1201 deals with SSI determinations, a federal obligation." *Cowan,* 1st Dist. Hamilton No. C-200025, 2021-Ohio-1798, at ¶ 14. Still more, Ohio courts "have squarely rejected the grafting of 20 C.F.R. 416.1201 onto Medicaid eligibility, which represents a state responsibility." *Id*. at ¶ 15, citing *Underwood v. Ohio Dept. of Job & Family Servs*., 11th Dist. Geauga No. 2019-G-0215,

7

2019-Ohio-4924, ¶ 29, citing *Communicare v. Ohio Dept. of Job & Family Servs.,* 8th Dist. Cuyahoga No. 106874, 2019-Ohio-3757, ¶ 14-15.

**{¶20}** Recently, in *Garner v. Ohio Dept. of Job & Family Servs.*, we recognized that Ohio's consideration of resources in Medicaid eligibility determinations must include a reasonable-efforts exclusion under 42 U.S.C. 1382b(b)(2). *Gardner* at ¶ 27. Otherwise, Ohio's methodology for determining Medicaid eligibility would be more restrictive than SSI eligibility criteria. *Id.* We note that Chamberlain limits his arguments in this appeal to the application of both 20 C.F.R. 416.1201 and 41 U.S.C. 1396(a) to Ohio Medicaid eligibility determinations. Still, there is no evidence of reasonable efforts in the record.

**{¶21}** We understand Chamberlain's frustration. But we find no reason to depart from our recent decision in *Cowan. See Gardner* at ¶ 21. We therefore overrule his first and second assignments of error.

### B. Federal Preemption

**{¶22}** In his third assignment of error, Chamberlain contends that the federal regulations preempt Ohio law.

**{¶23}** Specifically, Chamberlain maintains that Ohio failed to submit an amended Medicaid plan to the Centers for Medicare and Medicaid Services ("CMS"), a division of the Department of Health and Human Services. *See* 42 U.S.C. 1396a and b; *see also* 42 C.F.R. 430.12(c)(2)(i). To qualify for Medicaid funding, a state must receive approval from CMS for any amendment to that state's Medicaid plan. *Douglas v. Indep. Living Ctr. of S. California, Inc.*, 565 U.S. 606, 610, 132 S.Ct. 1204, 182 L.Ed.2d 101 (2012). Specifically, CMS "reviews the State's plan and amendments to determine whether they comply with the statutory and regulatory requirements." *Id.*

**{¶24}** But we find nothing in the record to suggest that Ohio's plan is noncompliant. This assignment of error is overruled.

### III.   Conclusion

**{¶25}**  When Indianspring submitted an application for retroactive Medicaid benefits on Harrell's behalf, his Mississippi property was a countable resource affecting his eligibility. In light of our decision in *Cowan,* we overrule Chamberlain's three assignments of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.